# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LYNN TAYLOR, | 1:12-CV-02065 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| CALIFORNIA BOARD OF PAROLE HEARINGS, | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On September 14, 2012, Petitioner filed a federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. The case was transferred to the Eastern District on October 19, 2012, and assigned case number "1:12-cv-01723 AWI JLT HC." The petition challenges a parole suitability hearing held on May 5, 2009, and is currently pending review by the District Court.

On September 19, 2012, Petitioner filed a second federal petition in the Northern District of

1  California.  On December 19, 2012, the petition was transferred to the Eastern District and assigned
2  case number "1:12-cv-2065 GSA HC."  Aside from the completed initial forms and several missing
3  exhibits, the petition is an exact duplicate of the petition filed five days earlier in the afore-
4  mentioned case.

5       "After weighing the equities of the case, the district court may exercise its discretion to
6  dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed
7  action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.
8  California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have
9  'no right to maintain two separate actions involving the same subject matter at the same time in the
10 same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton
11 Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

12      In assessing whether a second action is duplicative of the first, the court examines whether
13 the causes of action and relief sought, as well as the parties or privies to the action, are the same.
14 Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits
15 are identical pursuant to the transaction test, developed in the context of claim preclusion.  Id.
16 Second, the court determines whether the defendants are the same or in privity.   Privity includes an
17 array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419
18 F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual representation are an identity of
19 interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).
20 "Additional features of a virtual representation relationship include a close relationship, substantial
21 participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at
22 996).

23      A plaintiff is required to bring at one time all of the claims against a party or privies relating
24 to the same transaction or event.  Adams, 487 F.3d at 693.  The court has discretion to dismiss a
25 duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action
26 and litigating piecemeal the issues which could have been resolved in one action."   Adams, 487 F.3d
27 at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per
28 curiam)).

1   The instant petition is an exact duplicate of the previously-filed petition pending in case number "1:12-cv-01723 AWI JLT HC." Therefore, the instant petition must be dismissed as duplicative. To the extent Petitioner seeks to pursue his remedies with respect to the underlying convictions, he must do so in the original case.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED as duplicative;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **February 21, 2013**         /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE